UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN JOHN PORCHE

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 11-555-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 19, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN JOHN PORCHE

CIVIL ACTION

VERSUS

NUMBER 11-555-JJB-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## MAGISTRATE JUDGE'S REPORT

Plaintiff Kevin John Porche brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("Commissioner") denying his claims for supplemental security income ("SSI") and disability insurance benefits.

For the reasons which follow the Commissioner's decision should be affirmed.

## Background

Plaintiff was 49 years old at the time of the hearing decision. Plaintiff attended school until the 10th grade and his past relevant work consisted of employment as a heating and air conditioning installer, a service manager at a tire company, and a delivery driver.[1] AR pp. 29-30, 100-111, 133-34. In his May 2009 applications for disability and SSI benefits the plaintiff alleged

---

[1] Plaintiff's age placed him in the category of a younger person, and his educational level is classified as limited. 20 C.F.R. § 404.1563(c) and § 416.963(c); 20 C.F.R. § 404. 1564 (b)(3) and § 416.964(b)(3).

that since April 24, 2009 he has been unable to engage in substantial gainful activity due to a combination of severe impairments: hepatitis C; Crohn's disease; back, neck and shoulder problems; high blood pressure; chronic pain; and, diarrhea.  AR pp. 31, 132.[2]  Nevertheless, at the time of the administrative hearing the plaintiff continued to work part-time as receptionist for his friend's heating and air conditioning business.[3]  His work and earnings were reviewed, and the work was found to be below the level of substantial gainful activity.  AR pp. 14, 25-29, 38-41, 120-26, 133.

Plaintiff's applications were initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ").  An ALJ hearing was held on March 23, 2010 and the ALJ issued an unfavorable decision on June 24, 2010.  AR pp. 12-51. The ALJ found at the second step that the plaintiff had a combination of severe impairments - hepatitis C, Crohn's disease, and degenerative disc disease - but they did not meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404,

---

[2] Plaintiff filed two previous applications for disability and SSI benefits.  The first one in August 2005 and the second application in September 2007.  These applications were denied, and the Appeals Council denied the requests for review.  AR pp. 55-60, 148, 176.

[3] Plaintiff testified at the ALJ hearing in March 2010 that he very rarely worked more than 12 to 15 hours a week.  The ALJ noted that the records showed the plaintiff reported he earned $13,657 in 2009.  AR p. 29.

Subpart P, Appendix 1.  The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff could do his past relevant work or other work in the national economy.  The ALJ found that the plaintiff had the residual functional capacity to perform light work as defined in the regulations, except that he must work indoors in an office environment with access to bathroom facilities.  AR pp. 14-15.

With this RFC, at the fourth step the ALJ concluded that the plaintiff could not do any of his past relevant work.  However, based on the testimony of the vocational expert, Richard Corbin, the ALJ determined that the plaintiff could do other work that exists in the national economy in significant numbers, namely, office mail clerk, billing clerk, coding clerk and motel cleaner. AR pp. 17-18.  Therefore, he concluded the plaintiff was not disabled at the fifth step.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but the Appeals Council denied the request on July 18, 2011.  AR pp. 1-3.  Plaintiff then filed this petition for judicial review challenging the Commissioner's determination that he is not disabled.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two

inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

4

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505 and § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520 and § 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[4] (4) the impairment(s) prevents the claimant from performing past relevant

---

[4] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Analysis

Plaintiff did not object to the ALJ's findings at steps one, two, three, or four of the disability analysis. The specific claims of error raised by the plaintiff are as follows: (1) the ALJ failed to apply the proper legal standards by improperly evaluating the plaintiff's credibility under the relevant Social Security regulations and policies; (2) neither the ALJ's credibility finding nor his RFC finding are supported by substantial evidence; and (3) the vocational expert's testimony, because it was based on these erroneous findings, failed to carry the Commissioner's burden of proof at the fifth step to establish that the plaintiff can do other work.

Review of the administrative record as a whole and the

analysis below demonstrates that these claims of error are without merit, and that substantial evidence supports the final decision of the Commissioner.

**1. The ALJ's decision complies with the legal standards for evaluating a claimant's credibility, as established by the Social Security Act, regulations and relevant case law.**

Plaintiff argued that the ALJ's evaluation of his credibility and finding that he was not fully credible failed to provide an assessment in the manner contemplated by the Social Security regulation and policy statement, specifically, 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 96-7p.[5] Citing an excerpt from SSR 96-7p, the plaintiff argued that the ALJ cannot simply make conclusory statements regarding credibility; rather, he must provide specific reasons for the credibility finding that are supported by the evidence.[6] Plaintiff acknowledged that the ALJ cited SSR 96-7p, but argued that his decision did not meet the substantive requirements of the ruling. According to the plaintiff, the ALJ's use of "boilerplate" language,[7] a truncated

---

[5] SSR 96-7p, 1996 WL 374186 (S.S.A. 1996).

[6] Record document number 8, Plaintiff's Memorandum in Support of Appeal, p. 4.

[7] Plaintiff claimed the following language used by the ALJ was "boilerplate" and indicates that he did not comply with SSR 96-7p:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and
> (continued...)

analysis, and the absence of any evidence to suggest that he is malingering or exaggerating his symptoms, shows that the ALJ failed to comply with § 404.1529 and SSR 96-7p.

Review of the ALJ's decision does not support the plaintiff's arguments.  The record demonstrates that the ALJ did not merely make a conclusory finding on credibility and fail to support it with adequate reasons.  The ALJ cited the correct legal standards in deciding that the plaintiff's statements regarding the intensity, persistence and limiting effects of his impairments were not entirely credible.  The ALJ did not stop there.  The ALJ essentially explained that this conclusion was based on inconsistencies/discrepancies between the plaintiff's subjective complaints, when compared with evidence of his daily activities/lifestyle, as well as evidence of his medical history, treatment and findings made on physical examinations contained in the medical reports and other evidence of record.  The ALJ cited some examples of this evidence in his analysis, and also discussed the medical tests, reports and opinions in more detail in the section of the written decision related to his RFC finding and the plaintiff's credibility.  AR pp. 15-17.[8]

_____

[7](...continued)
limiting effects of these symptoms are not credible to
the extent they are inconsistent with the above residual
functional capacity assessment.  AR p. 16.

[8] As explained in SSR 96-7p, this is the type of evidence and
analysis adjudicators are instructed to use when evaluating a
claimant's credibility.

An ALJ is not required to do a point-by-point discussion, mechanically follow every guiding regulatory factor, or refer to every bit of evidence in the record that supports his credibility analysis and findings.[9]  Review of the decision as a whole supports the conclusion that the ALJ not only cited the proper legal standards, but also correctly applied them in making his determination that the plaintiff was not fully credible.  The ALJ's analysis complied with the substance of § 404.1529 and SSR 96-7p, and was not so conclusory that a court could not determine whether the finding is based on substantial evidence.

**2. The ALJ's credibility and RFC findings, as well as the finding that the plaintiff can perform other work, are supported by substantial evidence.**

Plaintiff argued that there are no credible evidentiary choices to support the ALJ's findings on the issues of credibility and RFC.  According to the plaintiff, these errors resulted in the improper reliance on vocational testimony which did not carry the Commissioner's burden of proof at the fifth step.

Contrary to the plaintiff's arguments, there is substantial evidence in the record to support the ALJ's assessment of the plaintiff's credibility and RFC.  For example, Dr. Jonathan Sanders

---

[9] *See*, *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007); *Giles v. Astrue*, 433 Fed.Appx. 241 (5th Cir. 2011). In *Audler v. Astrue*, the case relied on by the plaintiff, the court found reversible error where the ALJ offered nothing to support her conclusion at step three, and the court was unable to tell whether or not the finding was based on substantial evidence.  As explained above, the ALJ here provided an analysis and cited to evidence in support his credibility finding.

performed a consultative examination on July 7, 2009. AR pp. 301-05. He reported that the plaintiff worked part-time,[10] performed household activities, visited with family and friends, enjoyed fishing in his spare time, could drive and was able to take care of his own personal needs. This is consistent with the plaintiff's hearing testimony that he was able to perform some household tasks, occasionally went fishing and to his wife's camp, and was able to lift 10 to 15 pounds. AR pp. 32-38. Dr. Sanders also reported that the results of the plaintiff's physical examination were normal, with a normal range of motion in all major joints. Plaintiff had no difficulty pushing, pulling and reaching, gripping or manipulating with his hands bilaterally. Dr. Sanders did not assess any limitations in the plaintiff's ability to lift or carry, sit, stand, or walk.

In December 2009, just three months before the ALJ hearing, the plaintiff went to Dr. Andrew Nelson for a gastroenterology examination and evaluation. AR pp. 347-61. Again, the results of the physical examination were normal. Dr. Nelson noted the plaintiff's history of degenerative disc disease, Crohn's disease, hepatitis C, and ordered tests to assess the latter two conditions. AR pp. 354-55. The colonoscopy report noted there was no obvious sign of Crohn's disease, but stated that mild patchy disease could

---

[10] Evidence of part-time work that does not satisfy the definition of substantial gainful activity is relevant in assessing the plaintiff's credibility, RFC and ability to work. *See, Murray v. Astrue*, 419 Fed.Appx. 539 (5th Cir. 2011).

have been missed.  AR p. 348.[11]  Random biopsies were taken and a
final pathology report dated December 17, 2009 was provided.  The
pathology report noted the plaintiff's clinical history of Crohn's
disease, but stated there was no evidence of active or chronic
colitis in the biopsies.  AR pp. 348, 357.[12]  Similarly, the records
from Dr. Richard Robichaux at the Baton Rouge Orthopedic Clinic
from November 2009 through May 2010 showed that the plaintiff had
a successful right carpel tunnel release, and treatment for right
shoulder pain.  AR pp. 419-35.  Dr. Robichaux noted that on
November 12, 2009 that the plaintiff appeared healthy and in no
apparent distress, with normal range of motion of his right
shoulder and both hips, no AC joint tenderness, and excellent
muscle strength.  AR p. 423.

The above evidence, as well as the other evidence cited in the
decision,[13] is relevant and sufficient for a reasonable mind to
accept as adequate to support the ALJ's conclusion that the
plaintiff was not entirely credible, and that he retained the
capacity to perform light work as it is defined in the

---

[11] Other than removing a polyp, the December 15, 2009 report
from the colonoscopy indicated normal findings.

[12] After the December 2009 evaluation by Dr. Nelson, the record
does not contain any treatment records from Dr. Nelson, or records
indicating that Dr. Nelson prescribed any medication for Crohn's
disease or other conditions.  AR pp. 347-61.  Plaintiff testified
at the hearing on March 23, 2010 that he would have a follow-up
with Dr. Nelson in about four and one-half months.  AR pp. 41-42.
Crediting the plaintiff's testimony, therefore, reflects an absence
of treatment for eight months.

[13] AR pp. 15-16.

regulations,[14] except that he must work indoors in an office environment with access to bathroom facilities.

Vocational expert Corbin testified that with this RFC there were several light and sedentary office clerk jobs existing in significant numbers in the national economy that the plaintiff would be able to perform - office mail clerk, and billing or coding clerk.[15]  AR pp. 46-47.  This vocational testimony was cited and relied on by the ALJ, and constituted substantial evidence to support the finding at the fifth step.

---

[14] 20 CFR §404.1567(b) and §416.967(b).  Light work is defined in the regulations as follows:
    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

[15] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications.  It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work.  However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy.  20 C.F.R. §§ 404.1566(a) and 416.966(a).

**Conclusion**

Plaintiff's arguments and the administrative record have been carefully considered.  Review of the administrative record as a whole and the analysis above demonstrates that (1) the claims of reversible error raised by the plaintiff are without merit, and (2) substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of Commissioner of Social Security Michael J. Astrue denying the application of plaintiff Kevin John Porche for supplemental security income ("SSI") and disability insurance benefits be affirmed, and that this action be dismissed.

Baton Rouge, Louisiana, July 19, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

13